# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILLIP KRISCHE,

                Plaintiff,

vs.

NATIONAL FIRE INSURANCE OF HARTFORD

                Defendant(s).

Case No. 2:12-cv-01718-JCM-PAL

**ORDER**

(Mot. Transfer Venue - Dkt. #18)

        The court held a hearing on Defendant's Motion to Transfer Venue (Dkt. #18) on April 16, 2013. Derrick Muaina appeared on behalf of the Plaintiff, and Steven Jaffe appeared on behalf of the Defendant.

        The complaint in this case was initially filed in state court and removed by the Defendant after certain defendants were dismissed. It arises out of an automobile accident that occurred on February 5, 2008, in Carson City, Nevada. Plaintiff settled with State Farm, the insurance carrier for the adverse driver, Judith Jacobi, and made a demand for Underinsured ("UIM") policy limits on the Defendant. The Defendant took the position Plaintiff was fully compensated by her recovery from State Farm and denied UIM benefits. Plaintiff has now asserted claims for unfair claims handling and bad faith.

        Defendant seeks an order transferring this case to the unofficial northern division of the district based primarily on the convenience of the witnesses. The Plaintiff, the adverse driver, all of Plaintiff's medical providers, and Plaintiff's bad faith expert are all located in the northern Nevada area. Plaintiff has Reno, Nevada counsel. Additionally, Plaintiff was acting in the course and scope of his employment with Capital Glass which is located in northern Nevada. Defendant expects that at least five employees of the company will be witnesses relevant to causation issues involved in this case. During oral argument, counsel for Defendant argued that one of his primary concerns was the ability to

to compel the attendance of all of these witnesses at trial. The parties will have the ability to compel the attendance of all of the northern Nevada witnesses in Reno, but will not be able to compel their appearance for trial in Las Vegas.

Plaintiff opposes the motion arguing that his choice of forum should not be disturbed. He initially filed this case in the Eighth Judicial District in Las Vegas. During oral argument counsel for Plaintiff did not dispute that all of the witnesses counsel for Defendant identified are located in northern Nevada. Counsel for Plaintiff also did not dispute that Plaintiff, Plaintiff's treating physicians, damages expert, and co-counsel for Plaintiff are located in northern Nevada. The only witnesses who are not located in northern Nevada are the claims handling personnel who work in Colorado.

Having reviewed and considered the matter, the court finds it should be granted. The District of Nevada is one district with an unofficial northern division and unofficial southern division. The vast majority of all of the witnesses, including the Plaintiff reside in northern Nevada. Compulsory process is available to compel the attendance of witnesses at a trial in Reno, but not available to compel attendance in Las Vegas. The only witnesses who are not located in northern Nevada are located in Colorado. Under these circumstances,

**IT IS ORDERED** that:

1. Defendant's Motion to Transfer Venue (Dkt. #18) is **GRANTED**, and this case shall be transferred to the unofficial northern division for all further proceedings.
2. The clerk of the court shall refer this matter to the Chief Judge for random reassignment and issuance of a northern Nevada case number.

Dated this 17th day of April, 2013.

_____
Peggy A. Leen
United States Magistrate Judge

2