UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP KRISCHE, | 3:13-CV-0200-RCJ (VPC) |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | June 27, 2013 |
| NATIONAL FIRE INSURANCE OF HARTFORD, et al., | |
| Defendants. | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Before the Court is the parties' stipulation for stay, or in the alternative, extension of time to complete discovery (second request) (#27).  Defendant National Fire Insurance of Hartford filed a petition for removal of this case on September 28, 2012 (#1).  The Court approved a discovery plan and scheduling order on October 25, 2012, and it provides that discovery was to be completed no later than July 15, 2013 (#11).  On April 26, 2013, the parties filed a stipulation to request an extension of the original discovery plan and scheduling order and represented that they had completed the following discovery:

1.  Initial disclosures and supplements pursuant to Fed.R.Civ.P. 26;
2.  Both parties had propounded written discovery, including interrogatories, requests for admissions, and requests for production of documents;
3.  Both parties have responded to the written discovery requests;
4.  Defendant requested and plaintiff provided authorizations for the release of medical records, tax returns, insurance claims files, and employment records;
5.  Plaintiff conducted the depositions of Capital Glass personnel;
6.  Plaintiff served defendant with amended notices of deposition for Chip Larken and NFIH's person most knowledgeable for May 2013; and
7.  Defendant have requested and obtained a "large portion of Plaintiff's medical records, tax returns, insurance claim files, and employment records" (#25)

The April stipulation requested a sixty-day extension to complete discovery on the ground it had been difficult to coordinate schedules of the parties and witnesses for multiple depositions. *Id.* The Court approved the stipulation, but noted, "There will be **no** further extensions" (#25).

The parties now ask the Court for another extension of the scheduling order because they have scheduled a private mediation on September 3, 2013, and if the case does not settle, that the Court extend discovery an additional 180 days, or until March 3, 2014 (#27). In their stipulation, the parties report they have conducted the very same discovery they reported back in April, but add that they cancelled the May 2013 depositions in anticipation of the private mediation. *Id.* In short, since April, the parties have conducted no additional discovery, they elected to vacate the May depositions earlier reported, and they scheduled a private mediation that cannot be held until September even though this Court clearly stated it would grant no further extensions. The parties also failed to report in the stipulation that this Court specifically stated in its prior order that there would be no further extensions granted.

The Court will not approve the proposed stipulation (#27) because the parties did not engage in any further discovery since the prior extension, they failed to report to the court that no further extensions would be granted, and they now wish to extend discovery until March 2014, eighteen months after the case was removed to this Court. Therefore, the stipulation and order for stay or, in the alternative, extension of time to complete discovery (#27) is **DENIED**.

**IT IS SO ORDERED.**

                                                        LANCE S. WILSON, CLERK

By: _____/s/_____
                Deputy Clerk